FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2008 DEC 29 P 3: 15

| HIGH POINT SARL, | Civil Action No.: 02:08cv625 |
|---|---|
| Plaintiff, | COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT INJUNCTION AND DAMAGES |
| v. | |
| SPRINT NEXTEL CORPORATION; SPRINT SPECTRUM L.P.; SPRINTCOM, INC.; SPRINT COMMUNICATIONS COMPANY L.P.; SPRINT SOLUTIONS, INC.; APC PCS, LLC ; APC REALTY AND EQUIPMENT COMPANY, LLC; and STC TWO LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

For its Complaint, Plaintiff High Point SARL, through its undersigned counsel, hereby alleges as follows:

## THE PARTIES

1.  Plaintiff High Point SARL ("High Point") is a corporation organized and existing under the laws of Luxembourg having a principal place of business at Carrè Bon, 20, rue de la Poste, L-2346, Luxembourg.

2.  On information and belief, Defendant Sprint Nextel Corporation ("Sprint Nextel") is a corporation organized and existing under the laws of the State of Kansas with a principal place of business within this judicial district located at 2001 Edmund Halley Drive, Reston, Virginia 20191. Sprint Nextel is registered to do business in Virginia and is doing business in Virginia, including business within this judicial district

and this division. Sprint Nextel has designated Corporation Service Company, located at 11 South 12th Street, Richmond, Virginia 23218, as its agent for service of process in Virginia.

3. Sprint Nextel is a wireless network communications carrier that operates one of the nation's largest CDMA/EV-DO networks. Sprint Nextel has invested billions of dollars in network upgrades, research and development, and marketing.

4. Sprint Nextel, and its subsidiaries, employ several thousand people in Virginia. In addition to its facility in Reston, Virginia, Sprint Nextel and its subsidiaries have places of business and employees in other cities in this district and this division, including Alexandria and Herndon, Virginia. On information and belief, employees of Sprint Nextel and its subsidiaries in this judicial district include network engineers.

5. On information and belief, Sprint Nextel, either directly or indirectly through its agents, subsidiaries, and affiliates, makes, uses and operates a wireless network throughout the United States and in this judicial district and this division. Sprint Nextel controls and directs the activities of its agents, subsidiaries, and affiliates in making, using, and operating its wireless network.

6. On information and belief, Defendant Sprint Spectrum L.P. ("Sprint Spectrum") is a partnership organized and existing under the law of the State of Delaware, with a place of business within this judicial district located at 2001 Edmund Halley Drive, Reston, Virginia 20191, and is a wholly-owned subsidiary of Sprint Nextel. Sprint Spectrum is registered to do business in Virginia and is doing business in Virginia, including business within this judicial district and this division. Sprint Spectrum has designated Corporation Service Company, located at 11 South 12th Street, Richmond,

Virginia 23218, as its agent for service of process in Virginia. On information and belief, Sprint Spectrum, either directly or indirectly through its agents, subsidiaries, and affiliates, makes, uses and operates a wireless network throughout the United States and in this judicial district and this division.

7. On information and belief, Defendant SprintCom, Inc. ("SprintCom") is a corporation organized and existing under the law of the State of Kansas, with a place of business within this judicial district located at 2001 Edmund Halley Drive, Reston Virginia 20191, and is a wholly-owned subsidiary of Sprint Nextel. SprintCom is registered to do business in Virginia and is doing business in Virginia, including business within this judicial district and this division. SprintCom has designated Corporation Service Company, located at 11 South 12th Street, Richmond, Virginia 23218, as its agent for service of process in Virginia. On information and belief, SprintCom, either directly or indirectly through its agents, subsidiaries, and affiliates, makes, uses and operates a wireless network throughout the United States and in this judicial district and this division.

8. On information and belief, Defendant Sprint Communications Company, L.P. ("Sprint Communications") is a partnership organized and existing under the law of the State of Delaware, with a place of business within this judicial district located at 2001 Edmund Halley Drive, Reston Virginia 20191, and is a wholly-owned subsidiary of Sprint Nextel. Sprint Communications is registered to do business in Virginia and is doing business in Virginia, including business within this judicial district and this division. Sprint Communications has designated Corporation Service Company, located at 11 South 12th Street, Richmond, Virginia 23218, as its agent for service of process in

928735.1

Virginia. On information and belief, Sprint Communications, either directly or indirectly through its agents, subsidiaries, and affiliates, makes, uses and operates a wireless network throughout the United States and in this judicial district and this division.

9. On information and belief, Defendant Sprint Solutions, Inc. ("Sprint Solutions") is a corporation organized and existing under the law of the State of Delaware, with a place of business within this judicial district located at 2001 Edmund Halley Drive, Reston Virginia 20191, and is a wholly-owned subsidiary of Sprint Nextel. Sprint Solutions is registered to do business in Virginia and is doing business in Virginia, including business within this judicial district and this division. Sprint Solutions has designated Corporation Service Company, located at 11 South 12th Street, Richmond, Virginia 23218, as its agent for service of process in Virginia. On information and belief, Sprint Solutions, either directly or indirectly through its agents, subsidiaries, and affiliates, makes, uses and operates a wireless network throughout the United States and in this judicial district and this division. On information and belief, Sprint Solutions enters into services contracts with wireless subscribers as an agent of other Sprint Nextel subsidiaries and affiliates.

10. On information and belief, Defendant APC PCS, LLC ("APC") is a corporation organized and existing under the law of the State of Delaware, with a place of business within this judicial district located at 2001 Edmund Halley Drive, Reston, Virginia 20191, and is a wholly-owned subsidiary of Sprint Nextel. APC is registered to do business in Virginia and is doing business in Virginia, including business within this judicial district and this division. APC has designated Corporation Service Company, located at 11 South 12th Street, Richmond, Virginia 23218, as its agent for service of

928735.1

process in Virginia. APC holds a license from the FCC to operate wireless services in this judicial district and this division. On information and belief, APC, either directly or indirectly through its agents, subsidiaries, and affiliates, makes, uses and operates a wireless network throughout the United States and in this judicial district and this division.

11. On information and belief, Defendant APC Realty and Equipment Company, LLC ("APC Realty") is a corporation organized and existing under the law of the State of Delaware, with a place of business within this judicial district located at 2001 Edmund Halley Drive, Reston, Virginia 20191, and is a wholly-owned subsidiary of Sprint Nextel. APC Realty is registered to do business in Virginia and is doing business in Virginia, including business within this judicial district and this division. APC Realty has designated Corporation Service Company, located at 11 South 12th Street, Richmond, Virginia 23218, as its agent for service of process in Virginia. On information and belief, APC Realty owns towers and network equipment for providing wireless services in this judicial district and this division. On information and belief, APC Realty, either directly or indirectly through its agents, subsidiaries, and affiliates, makes, uses and operates a wireless network throughout the United States and in this judicial district and this division.

12. On information and belief, Defendant STC Two LLC ("STC") is a corporation organized and existing under the law of the State of Delaware, with its principal place of business located at 6200 Sprint Parkway, Overland Park, Kansas 66251, and is a wholly-owned subsidiary of Sprint Nextel. STC is registered to do business in Virginia and is doing business in Virginia, including business within this

judicial district and this division. STC has designated Corporation Service Company, located at 11 South 12th Street, Richmond, Virginia 23218, as its agent for service of process in Virginia. On information and belief, STC owns towers and network equipment for providing wireless services in this judicial district and this division. On information and belief, STC, either directly or indirectly through its agents, subsidiaries, and affiliates, makes, uses and operates a wireless network throughout the United States and in this judicial district and this division.

13.     Hereinafter, Defendants Sprint Nextel, Sprint Spectrum, SprintCom, Sprint Communications, Sprint Solutions, APC, APC Realty, and STC will be referred to collectively as the "Defendants."

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338, and pursuant to the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

15.     This Court has personal jurisdiction over each of the Defendants because: (a) they are domiciled or reside in Virginia, (b) they have consented to personal jurisdiction in Virginia by registering to do business in Virginia and designating an agent for service of process in Virginia, (c) they have engaged in substantial, continuous, and systematic activities in Virginia, including doing business in Virginia, and/or (d) they have engaged in conduct in Virginia, including making and operating a wireless network and providing related wireless services in Virginia, that has caused the tortious injury in this district that gives rise to the claims asserted in this action.

16.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Venue is proper in this division under Local Rule 3(C).

928735.1

## THE PATENTS AT ISSUE

17. The United States Patent and Trademark Office duly and legally issued United States Patent No. 5,195,090 (the " '090 patent") entitled, "Wireless Access Telephone-to-telephone Network Interface Architecture" on March 16, 1993. The '090 patent is attached as <u>Exhibit A</u> to this Complaint. High Point is the assignee of the '090 patent.

18. The United States Patent and Trademark Office duly and legally issued United States Patent No. 5,305,308 (the " '308 patent") entitled, "Wireless Access Telephone-to-telephone Network Interface Architecture" on April 19, 1994. The '308 patent is attached as <u>Exhibit B</u> to this Complaint. High Point is the assignee of the '308 patent.

19. The United States Patent and Trademark Office duly and legally issued United States Patent No. 5,184,347 (the " '347 patent") entitled, "Adaptive Synchronization Arrangement" on February 2, 1993. The '347 patent is attached as <u>Exhibit C</u> to this Complaint. High Point is the assignee of the '347 patent.

20. The United States Patent and Trademark Office duly and legally issued United States Patent No. 5,195,091 (the " '091 patent") titled, "Adaptive Synchronization Arrangement" on March 16, 1993. The '091 patent is attached as <u>Exhibit D</u> to this Complaint. High Point is the assignee of the '091 patent.

## COUNT I
### (Infringement of the '090 Patent)

21. High Point hereby incorporates paragraphs 1 to 20 above as if fully set forth herein.

928735.1

22. Each of the Defendants has been and is now infringing, inducing infringement, and/or contributing to the infringement of the '090 patent by making, using, importing, offering for sale, and/or selling in the United States wireless networks and services embodying the patented invention. On information and belief, the Defendants will continue to do so unless enjoined.

23. The Defendants' infringement, inducement of infringement, and/or contributory infringement of the '090 patent has damaged High Point and, unless these Defendants are enjoined, will continue to damage High Point in an amount not yet fully determined.

24. High Point provided notice of infringement of the '090 patent to the Defendants. Thereafter, the Defendants continued to infringe the '090 patent. On information and belief, the Defendants' infringement of the '090 patent has been and continues to be willful.

## COUNT II
### (Infringement of the '308 Patent)

25. High Point hereby incorporates paragraphs 1 to 24 above as if fully set forth herein.

26. Each of the Defendants has been and is now infringing, inducing infringement, and/or contributing to the infringement of the '308 patent by making, using, importing, offering for sale, and/or selling in the United States wireless networks and services embodying the patented invention. On information and belief, the Defendants will continue to do so unless enjoined.

27. The Defendants' infringement, inducement of infringement, and/or contributory infringement of the '308 patent has damaged High Point and, unless these

Defendants are enjoined, will continue to damage High Point in an amount not yet fully determined.

28. High Point provided notice of infringement of the '308 patent to the Defendants. Thereafter, the Defendants continued to infringe the '308 patent. On information and belief, the Defendants' infringement of the '308 patent has been and continues to be willful.

### COUNT III
### (Infringement of the '347 Patent)

29. High Point hereby incorporates paragraphs 1 to 28 above as if fully set forth herein.

30. Each of the Defendants has been and is now infringing, inducing infringement, and/or contributing to the infringement of the '347 patent by making, using, importing, offering for sale, and/or selling in the United States wireless networks and services embodying the patented invention. On information and belief, the Defendants will continue to do so unless enjoined.

31. The Defendants' infringement, inducement of infringement, and/or contributory infringement of the '347 patent has damaged High Point and, unless these Defendants are enjoined, will continue to damage High Point in an amount not yet fully determined.

32. High Point provided notice of infringement of the '347 patent to the Defendants. Thereafter, the Defendants continued to infringe the '347 patent. On information and belief, the Defendants' infringement of the '347 patent has been and continues to be willful.

928735.1

## COUNT IV
### (Infringement of the '091 Patent)

33. High Point hereby incorporates paragraphs 1 to 32 above as if fully set forth herein.

34. Each of the Defendants has been and is now infringing, inducing infringement, and/or contributing to the infringement of the '091 patent by making, using, importing, offering for sale, and/or selling in the United States wireless networks and services embodying the patented invention. On information and belief, the Defendants will continue to do so unless enjoined.

35. The Defendants' infringement, inducement of infringement, and/or contributory infringement of the '091 patent has damaged High Point and, unless these Defendants are enjoined, will continue to damage High Point in an amount not yet fully determined.

36. High Point provided notice of infringement of the '091 patent to the Defendants. Thereafter, the Defendants continued to infringe the '091 patent. On information and belief, the Defendants' infringement of the '091 patent has been and continues to be willful.

## PRAYER FOR RELIEF

37. Plaintiff High Point respectfully requests that the Court enter judgment in its favor and against the Defendants, and that the Court grant High Point the following specific forms of relief:

   a. a declaration that the Defendants have infringed and continue to infringe the '090, '308, '347, and '091 patents;

  b. an order permanently enjoining the Defendants, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with them who receive notice of the injunction from infringement of the '090, '308, '347, and '091 patents;

  c. a declaration that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees;

  d. actual damages, not less than a reasonable royalty, under 35 U.S.C. § 284;

  e. treble damages under 35 U.S.C. § 284;

  f. interest and costs under 35 U.S.C. § 284; and

  g. all such other and further relief as the Court deems appropriate under law, based on the facts complained of herein, and as determined by the Court.

## DEMAND FOR JURY TRIAL

38. High Point hereby demands a trial by jury on all issues so triable.

Dated: December 29, 2008    Respectfully submitted,

              */s/ Charles F. B. McAleer, Jr.*
              Charles F. B. McAleer, Jr. (VSB #24430)
              Jeffrey Hahn (VSB #72999)
              MILLER & CHEVALIER CHARTERED
              655 15th Street, N.W., Suite 900
              Washington, D.C. 20005
              (202) 626-5801 (telephone)
              (202) 626-5801 (facsimile)
              cmcaleer@milchev.com
              jhahn@milchev.com
              Counsel to Plaintiff High Point SARL

Of counsel:

Martin J. Black
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-4000 (telephone)
(215) 994-2222 (facsimile)
martin.black@dechert.com

Craig Y. Allison
Jonathan D. Baker
J.P. Hong
Connie E. Merriett
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040
(650) 813-4800 (telephone)
(650) 813-4848 (facsimile)
craig.allison@dechert.com
jonathan.baker@dechert.com
jphong@dechert.com
connie.merriett@dechert.com

Brian A. Hill
David F. Nickel
MILLER & CHEVALIER CHARTERED
655 15th Street, N.W., Suite 900
Washington, D.C. 20005
(202) 626-5801 (telephone)
(202) 626-5801 (facsimile)
bhill@milchev.com
dnickel@milchev.com
Counsel to Plaintiff High Point SARL

928735.1